## VOLTZ v KRAUTTER

Municipal Court of Lakewood, Cuyahoga Co

No 3697.   Decided March 23, 1939

Geo. E. Beach, Cleveland, counsel for defendant.

## OPINION

By WALTHER, J.

Counsel for defendant, Mr. George E. Beach, urges the following in opposition to the Motion for Revivor:

That the judgment rendered by this court on April 5, 1930 is void for two reasons:

**Reason No. 1.**

Claiming no service on defendant on the original petition, and for that reason the judgment being void.

**Reason No. 2.**

That the court had no jurisdiction to render said judgment in the amount claimed, for the reason that the amount was greater than the allowed jurisdiction of the court.

Finding of Facts as to Reason No. 1

It appears that in the original Statement of Claim, defendant's name appeared as Miss Laura Krantler. On the summons issued on said petition, her name appears as Miss Laura Krauttler. This is suit arising out of a stock subscription, a copy of which is attached to the Statement of Claim. On the stock subscription defendant's name appears as Miss Laura Krantler. The summons issued was a summons which the court uses in actions over One Hundred Dollars. Service was endorsed as mail service by the bailiff as follows:

"On the 14th day of March, 1930, I served this writ on the within named by depositing in the United States Mail, in a sealed envelope, bearing sufficient postage a true and certified copy thereof with all endorsements thereon, addressed to the defendant Miss Laura Krauttler at No. 1536 Cordova, Lakewood, Ohio, her usual place of residence."

S. Cook, Bailiff.

The summons notified the defendant that unless she filed a statement of defense by March 31st, 1930, that said statement of claim would be taken as true. No statement of defense was filed, and subsequently a default judgment was rendered April 5, 1930 by the Honorable Judge Jacob H. Schoen. No further action was taken by either of the parties until February 27, 1939 when a Conditional Order of Revivor was filed by plaintiff, and on March 10, 1939 motion to quash service of summons and a separate motion to vacate said Conditional Order was filed by defendant.

On March 17, 1939 at 2:00 P. M., parties appeared in court and a hearing was had, and Miss Laura Krautter was sworn and examined. It appeared by her testimony that she received a copy of the original statement of claim, together with the summons and had them in her possession from the date of original service until the present time. Her testimony was further that she had signed the original stock subscription in the name of Miss Laura Krautter and admitted her signature.

Finding of Facts as to Reason No. 2

Court finds that the amount asked for, together with interest asked for, would amount to more than One Thousand Dollars ($1000.00), because said interest had accrued mostly prior to the date of the action. §1579-919, Sub-section 2 of the GC, reads as follows:

In all civil actions and proceedings at law for the recovery of money or personal property of which the courts of common pleas have jurisdiction, when the amount claimed by any party, or the appraised value of the personal property sought to be re-

covered, does not exceed one thousand dollars; and in such actions judgments may be rendered for an amount over one thousand dollars when the excess over one thousand dollars shall consist of interest, damages, or costs accrued after the commencement of the action.

Sec. 1579-919, Sub-section 3 of the GC, reads as follows:

In all actions on contracts, express or implied, in law or in fact, when the amount claimed by the plaintiff, exclusive of all interest and costs, does not exceed one thousand dollars. When a cause arising out of contract is pending in the municipal court and the ends of justice demand that an account be taken or that the contract or contracts be reformed or cancelled, the municipal court shall have jurisdiction to decree such accounting, reformation or cancellation.

The court finds that this is an action based on contract and that the amount with interest is more than One Thousand Dollars. Therefore subsection No. 2 does not apply.

FINDINGS OF LAW

The court holds that although there was a discrepancy in the spelling of the defendant's name, at most the service could be called voidable and was waived by the lapse of time. Defendant should have taken advantage of this discrepancy within three years after said judgment was rendered. Court finds that defendant, by acknowledging her signature on said original stock certificate (although there was a discrepancy in the name), that she was sufficiently notified of the lawsuit and should have taken action to correct the record within the three years allotted to her by law, and the court holds that service is good under the circumstances. The court holds in favor of the plaintiff that said judgment is now a valid one. §11367, GC.

The court finds in carefully examining aforesaid sub-section No. 3 that in actions on contracts, that interest and costs may be granted where the original amount asked for in the petition does not exceed One Thousand Dollars. Therefore the court finds against the defendant on Reason No. 2 and in favor of the plaintiff.

The court finds that Louis W. Myron has been appointed and qualified Trustee in Bankruptcy of the State Mortgage & Investment Co., bankrupt, to succeed Francis J. Voltz; court further finds that the correct name of the defendant is Miss Laura

Krautter and hereby orders the docket and indexes to be corrected accordingly.

The motion to revive judgment is hereby granted March 23, 1939 in favor of plaintiff Louis W. Myron, Trustee in Bankruptcy of the State Mortgage & Investment Co. as against defendant Miss Laura Krautter, in the sum of One Thousand Nine Hundred and Seventy-two Dollars and Ninety-six cents ($1972.96), including interest from the 5th day of April, 1930 to date, plus costs; to all of which defendant excepts.